UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>L. ABLES, et. al,<br><br>    Defendants. | No.  2:23-cv-01342 DJC DB<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action.  On January 28, 2023, plaintiff filed the operative complaint in the Amador Superior Court, alleging violations of his constitutional rights and state law negligence claims against four defendants.  On July 10, 2023, defendants paid the filing fee in this court and filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a) and 1446, removing this action to this federal district court.  Presently before the court is defendants' request for screening under the Prison Litigation Reform Act ("PLRA") (ECF No. 3) and plaintiff's motion for sanctions (ECF No. 6).  For the reasons set forth below, the undersigned will grant the motion for screening, deny the motion for sanctions, and give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

**REMOVAL**

I.   **Legal Standards**

A defendant sued in state court may remove to the appropriate federal district court any civil action over which the district courts have original jurisdiction.  See 28 U.S.C. § 1441(a).

1

Federal district courts have original jurisdiction, in pertinent part, over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citations omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Defendant, as the removing party, has the burden of establishing that the federal court has jurisdiction over the removed case. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393-94 (9th Cir. 1988) ("The party invoking the removal statute bears the burden of establishing federal jurisdiction"). However, "[u]nder § 1477(c), the district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'" Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).

**II.     Analysis**

Except where Congress otherwise dictates, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." ARCO Envtl. Remediation, L.L.C. v. Department of Health & Evntl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal courts have an independent obligation to examine their own jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).

Here, plaintiff has alleged that officers used excessive force, retaliated against him, and failed to protect him in violation of his constitutional rights. (ECF No. 1 at 10-15.) Consequently, the court concludes that it has jurisdiction over plaintiff's claims. See Ultramar

1  America, Ltd. v. Dwelle, 900 F.2d 1412, 1413-14 (9th Cir. 1990) (federal question jurisdiction
2  exists if at least one claim in the complaint arises under federal law).  In turn, it may exercise
3  supplemental jurisdiction over plaintiff's remaining state-law claims provided they "are so related
4  to claims in the action within such original jurisdiction that they form part of the same case or
5  controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Plaintiff's
6  federal and state law claims all relate to the same incident.  (See ECF No. 1 at 7-20.)  Therefore,
7  the court concludes they are part of the same case or controversy, and the court will exercise
8  supplemental jurisdiction over plaintiff's state law claims.  Having concluded that federal
9  question jurisdiction exists, the court turns to the screening of the complaint.

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The screening obligation applies where a complaint is removed from state court.  See, e.g., Walker v. Kernan, No. 2:17-cv-1764 KJM DB P, 2018 WL 3691431, at *1 (E.D. Cal. Aug. 2, 2018); Morris v. Horel, No. C 07-6060 SI (pr), 2008 WL 686874, at *1 (N.D. Cal. Mar. 12, 2008).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### I.  Legal Standards

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell

3

AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

II. **Allegations in the Complaint**

The events giving rise to the claims in this action arose out of an incident that took place on January 13, 2021, at Mule Creek State Prison (MCSP). (ECF No. 1 at 10.) Plaintiff has identified correctional officer L. Ables, correctional sergeant David Clays, warden Patrick Covell, and C. Post, a training agency as defendants in this action. (Id. at 7.) Plaintiff states he was sitting in front of his cell upstairs while two inmates were fighting downstairs. He further alleges that defendant Ables hit him with two 40 mm rounds while attempting to break up the fight. Plaintiff states he was not involved in the fight. (Id. at 10.)

He alleges that Ables failed to exercise reasonable care in firing the two rounds and the use of force was excessive. Plaintiff also claims Ables may have acted in retaliation for claims plaintiff filed against her coworkers Corujo, Wong, and Andson. (Id.) Plaintiff alleges that his injury was the result of inadequate training. (Id. at 10-12.)

III. **Does Plaintiff State a Claim under § 1983?**

   A. **Excessive Force**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for excessive force, the plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

However, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 (citation omitted). That is, "[n]ot every push or shove . . . violates a prisoner's

constitutional rights." Id. (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (citation and quotation omitted). Furthermore, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 6 (ellipses in original) (citation omitted).

"Where a prison security measure is undertaken to resolve a disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21 (citation and internal quotations marks omitted).

Here, plaintiff has alleged that he was struck with a 40 mm round while he was sitting on the floor on the second floor while defendant Ables was attempting to stop a fight between two inmates on the first floor. (ECF No. 1 at 10.) Liberally construed such allegations are sufficient to state a potentially cognizable excessive force claim against defendant Ables. McMillian v. Delgado, No. 1:19-cv-00444 SAB (PC), 2019 WL 1599443, at *2 (E.D. Cal. Apr. 19, 2019) (finding allegation to that plaintiff was struck by a 40 mm round even though he was not involved in the right and prone-out on the floor away from the incident sufficient to state an excessive force claim).

**B. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff speculates that Ables may have struck him with the 40 mm rounds in retaliation for filing grievances about Ables' coworkers. (ECF No. 1 at 10.) However, he has not alleged any facts showing that Ables was aware that he had filed grievances and that her actions were taken because of plaintiff's grievances. Accordingly, the complaint fails to state a potentially cognizable retaliation claim.

### C. Supervisory Liability

Under § 1983, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2004). "A supervisor may be liable only if (1) he or she is personally involved in the deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (internal quotation marks and citations omitted); Lemire v. California Dept. of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff claims defendants Clays, Covello, and C. Post are liable because defendant Ables, who fired the 40 mm round that struck plaintiff, is their subordinate. (ECF No. 1 at 11-12.) However, when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so

7

deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff also alleges that defendants Clays, Covello, and Post are responsible because they failed to adequately train defendant Ables. (ECF No. 1 at 12, 14-15.) A failure to train theory can be the basis for a supervisor's liability in a § 1983 action in only limited circumstances, such as where the failure amounts to deliberate indifference. See City of Canton v. Harris, 489 U.S. 378, 387-90 (1989). In order to impose liability for failure to train, a plaintiff must state facts showing that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably have been said to have been deliberately indifferent to the need." Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002).

Plaintiff's conclusory allegations are insufficient to state a claim against supervisory defendants Clays, Covello, and Post. In any amended complaint, plaintiff must state additional facts explaining how each named defendant was involved in the violation of his rights and how the training failure led to the violation of his rights.

### D. State Law Claims

Plaintiff has alleged that defendants' negligent actions caused him harm. Plaintiff states that he has complied with the California Government Claims Act exhaustion requirement. (ECF No. 1 at 8.)

#### 1. Negligence

To state a negligence claim, plaintiff must state facts showing: (1) defendant owed plaintiff a duty of care, (2) defendant breached that duty, (3) the breach was the proximate or legal cause of the resulting injury, and (4) plaintiff was damaged. Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996). Additionally, California law imposes a common law duty on prison guards to protect prisoners from foreseeable harm. Cotta v. County of Kings, 686 Fed.Appx. 467, 469 (9th Cir. 2017); Lawson v. Superior Court, 180 Cal.App.4th 1372, 1389-90 (2010); Giraldo v. Calif. Dep't of Corr. & Rehab., 168 Cal.App.4th 231, 246-51 (2008).

1    The court finds plaintiff's allegations that Ables failed to exercise reasonable care causing her to hit him with a 40 mm round is sufficient to state a negligence claim under California law.

### 2. Failure to train

Plaintiff has alleged that both sergeant Clays, warden Covello, and C. Post Agency are liable because they failed to adequately train defendant Ables. (ECF No. 1 at 12-19.) At the outset, the court notes that "California law does not recognize a general duty of care on the part of supervisors with respect to negligent hiring, retention, or training." Estate of Osuna v. County of Stanislaus, 392 F. Supp. 2d 1162, 1182 (E.D. Cal. 2019). Plaintiff has simply stated that Ables' actions were the result of negligent failure to train. However, he has not alleged any additional facts to support this claim. Accordingly, the court finds that this claim should be dismissed with leave to amend.

### E. Amending the Complaint

As set forth above, the complaints states potentially cognizable excessive force and negligence claims against defendant Ables. But does not contain any additional cognizable claims. Plaintiff will be given the option to amend the complaint or proceed immediately with the potentially cognizable claims.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTION FOR SANCTIONS**

**I.      Plaintiff's Motion**

Plaintiff captioned his motion for sanctions as being "against the responding parties." (ECF No. 6 at 1.) In the body of the motion, he states he is seeking sanctions against "Attorney General Rob Bonta, Deputy Attorney General R. Lawrence Bragg; Supervisor Attorney General Lyndsay Crenshaw, and Deputy Attorney General Sarah E. Singer." (Id.) Plaintiff's motion appears to be based on defendants' request for stay of state proceedings and failure to provide

discovery in state court proceedings. (Id.) Plaintiff states defendants sought several extensions of time to file a responsive pleading before defendants sought removal to federal court seven months after plaintiff filed the case. (Id. at 2.)

Plaintiff states that defendants and attorneys representing defendants worked in concert to delay and waste the court's time. (ECF No. 6-1 at 2.) He further argues that they failed to provide discovery or meet and confer. (Id.) He states sanctions are warranted under "Rule 3.811(a)(2), (3) and (5)[1] against the offending party whom [sic] wilfully [sic] fails to participate in ADR required by statute, which holds that repeated failure to hold statutes requiring the undertaking and certification of dispute resolution efforts may justify sanctions." (Id. at 3.)

Plaintiff alleges he has attempted to meet and confer with defendants on several unspecified occasions. (ECF No. 6-2 at 1.) He argues that delay was not necessary because there are conference rooms at MCSP that could have been used to conduct state court proceedings such as a case management conference and alternative dispute resolution. (Id. at 2.) Plaintiff seeks up to $9,000 in sanctions. (Id. at 3.)

## II. Defendants' Opposition

Defendants oppose the motion for sanctions. (ECF No. 7.) Therein, they argue that they did not remove this action for any improper purpose and there is no other basis for sanctions. (Id.)

Defendants allege that plaintiff filed the state action on April 4, 2022, but failed to serve defendants for over a year. (Id. at 5.) Once defendants were served, they promptly removed the state action to this court. (Id.) Defendants also note that plaintiff may have attempted to remove the state action to federal court, but instead filed a new action, Hamilton v. Ables, No. 2:23-cv-0050 DB P[2], (E.D. Cal.).

////

---

[1] The court presumes that plaintiff is referencing California Rules of Court, Rule 3.811. Rule 3.811(a) discusses cases that are subject to arbitration. However, it does not contain any basis to impose sanctions.

[2] Defendants filed a notice of related cases in both actions. The notice remains pending.

11

Defendants further argue that plaintiff's motion for sanctions should be denied because plaintiff failed to comply with the safe harbor provision of Federal Rue of Civil Procedure 11. (ECF No. 7 at 6.) Additionally, they argue that sanctions pursuant to Federal Rule of Civil Procedure 37 are not warranted because they have not violated any discovery order. (Id. at 7.) They further state that the requests for discovery cited by plaintiff were submitted prematurely and plaintiff does not contend that these requests were served on defendants or counsel for defendants. (Id. at 7-8.) Finally, defendants argue that they did not fail to appear at any scheduling or other pre-trial conferences because no scheduling orders were issued. (Id. at 8.)

### III.     Legal Standards

Federal Courts possess broad powers to impose sanctions against parties or counsel for improper conduct during litigation. The court derives the power to impose sanctions on parties or their counsel from three sources, (1) Federal Rule of Civil Procedure 11, (2) 28 U.S.C. § 1927,[3] and (3) the court's inherent power. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

A party moving for Rule 11 sanctions bears the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

In order to impose sanctions pursuant to its inherent power, "the court must make an express finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006). "Because of their very potency, inherent powers to sanction must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

### IV.     Analysis

As defendants argue, a motion for sanctions brought under Rule 11 must comply with stringent notice and filing requirements. See Fed. R. Civ. P. 11(c)(2) ("The motion must be

---

[3] This section is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings which his not applicable here.

served . . . but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."). See also Holgate v. Baldwin, 425 F.3d 671, 677-78 (9th Cir. 2005) (quoting Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998)) (sanctions cannot be awarded when "the challenging party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous"). Here, defendants allege plaintiff failed to comply with the safe harbor requirement prior to moving for sanctions (ECF No. 7 at 7-8), and there is nothing in the record to indicate otherwise.

Additionally, it appears that plaintiff's motion is based on defendants' actions in state court after filing to remove the action to this court. Rule 11 sanctions do not apply to conduct that occurred in state court prior to removal. Brown v. Capitol Air, Inc., 797 F.2d 106, 108 (2d Cir. 1986) (Rule 11 does not authorize sanctions for actions taken in state court). The court finds no basis in plaintiff's motion to show that defendants acted in bad faith in removing this case to federal court. Accordingly, the undersigned will deny the motion because plaintiff has failed to comply with Rule 11's safe harbor provision and has not provided any legal basis upon which this court could impose sanctions.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's request for screening (ECF No. 3) is granted.
2. Plaintiff's motion for sanctions (ECF No. 6) is denied.
3. Plaintiff's complaint states a potentially cognizable excessive force claim against defendant Ables. However, the complaint does not contain any additional claims. Accordingly, plaintiff will be given the option to proceed immediately or file an amended complaint.

////
////
////
////

4. Within thirty (30) days from the date of his order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 4, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/hami1342.remov.sanct.osc

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>L. ABLES, et al.,<br><br>    Defendants. | No.  2:23-cv-1342 DJC DB<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his excessive force and negligence claims against defendant Ables.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____

                                                                                                  _____
                                                                                                  David Hamilton
                                                                                                  Plaintiff pro se

15