|                              |                              |
| ---------------------------- | ---------------------------- |
| DAVID HAMILTON,              | No. 2:23-cv-01342 DJC SCR P  |
| Plaintiff,                   |                              |
| v.                           | ORDER                        |
| L. ABLES, et al.,            |                              |
| Defendants.                  |                              |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a state prisoner, proceeds pro se and seeks relief under 42 U.S.C. § 1983. Plaintiff's motion for formal discovery (ECF No. 12) and notice of voluntary withdrawal and motion to stay (ECF No. 14) are before the court. For the reasons set forth below, the motions are denied and plaintiff must respond to this court order clarifying whether plaintiff seeks to dismiss this case.

**I.  Background**

On January 28, 2023, plaintiff filed the operative complaint in the Amador Superior Court, alleging violations of his constitutional rights and state law negligence claims against four defendants. On July 10, 2023, defendants paid the filing fee and removed the action to this court. The court determined the complaint states a potentially cognizable excessive force claim against defendant Ables, and plaintiff elected to proceed on that claim and voluntarily dismiss other claims and defendants. (See ECF No. 10, 11.)

1

On January 10, 2023, in Hamilton v. Ables, 2:23-cv-0050-TLN-SCR, plaintiff filed a duplicative complaint in this court regarding the same underlying incident. On August 23, 2024, the court dismissed plaintiff's complaint in Hamilton v. Ables, 2:23-cv-0050-TLN-SCR as duplicative to the present pending action.[1]

### II.      Motion for Formal Discovery

On June 3, 2024, plaintiff filed a motion requesting "formal discovery" in the form of an incident report and a supplemental incident report. (ECF No. 12.) Defendant opposed the motion, arguing, in relevant part, that discovery is not yet open in this case. (ECF No. 13.) Defendant also argued plaintiff was improperly availing himself of the court to simultaneously attempt to open discovery in both of his pending actions. (Id. at 3.)

The court informs plaintiff that neither discovery requests nor a party's responses should be filed with the court unless and until the party serving the discovery requests seeks relief from the court pursuant to the Federal Rules of Civil Procedure and applicable Local Rules relating to the responses received or a failure to respond.  Here, plaintiff states he "met and conferred" with defendant's counsel to seek this discovery "informal[ly]" and was informed "the work product is currently unavailable." (ECF No. 12 at 2.) Defendants' position is that discovery is not yet open in this case. Setting aside whether discovery is open, to the extent plaintiff seeks relief from the court at this time regarding discovery issues, the motion is denied without prejudice based on plaintiff's subsequent request, discussed further below, for a stay of discovery and dismissal of this action.

### III.      Notice of Voluntary Withdrawal and Motion to Stay

On July 24, 2024, plaintiff filed a motion styled as "notice of plaintiff's voluntary withdrawals of defendants' removed claims without prejudice and request to stay discovery on previous elected to proceed claim 2:23-cv-0050-DB."[2] (ECF No. 14.) In this motion, plaintiff

---

[1] The court takes judicial notice of its own records in Hamilton v. Ables, 2:23-cv-0050-TLN-SCR. See Fed. R. Civ. P. 201; GemCap Lending, LLC v. Quarles & Brady, LLP, 269 F. Supp. 3d 1007, 1020 (C.D. Cal. 2017), aff'd sub nom. GemCap Lending I, LLC v. Quarles & Brady, LLP, 787 F. App'x 369 (9th Cir. 2019).

[2] The court has modified punctuation and capitalization of the title of this motion.

asks the court to "dismiss the action and stay discovery." (Id. at 1.) Plaintiff states there is good cause to "withdraw[ ] the jurisdictional action at this time" so plaintiff may be considered for referral of pro bono assistance in… case no. 2:23-cv-0050…" (Id.) Plaintiff states the request is being made "due to recent stroke" and to "prevent a potential stroke." (Id.)

Defendant opposed the motion, arguing plaintiff's "request [to dismiss] and motion to stay discovery" should be denied because "this request appears to have been inadvertently filed and… it is unlikely plaintiff means to have both of his actions dismissed." (ECF No. 16 at 2.) Defendant opposes a voluntary withdrawal of this action "so that she may proceed to file a motion to dismiss." (Id. at 3.)

At this stage of a lawsuit, the Federal Rules of Civil Procedure allow for voluntary dismissal by the plaintiff as follows:

> (A) … [T]he plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1).

If plaintiff intends to dismiss this action, then there is no basis for discovery or a stay of discovery because the case would be closed. Good cause appearing, the court orders plaintiff to clarify whether plaintiff still seeks to dismiss this case in light of the dismissal of plaintiff's duplicative complaint in Hamilton v. Ables, 2:23-cv-0050-TLN-SCR.

**IV.   Conclusion and Order**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for formal discovery is denied without prejudice.

////

3

2. Plaintiff's motion styled as a "notice of… voluntary withdrawals… and request to stay discovery" is denied.

3. Within 14 days of the date of this order, plaintiff must respond to this order clarifying whether plaintiff seeks to dismiss this case under Rule 41 of the Federal Rules of Civil Procedure.

DATED: September 6, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE