1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID HAMILTON,                            No.  2:23-cv-01342 DJC SCR P

12                    Plaintiff,

13           v.                                  ORDER AND FINDINGS &
                                                 RECOMMENDATIONS
14    L. ABLES, et al.,

15                    Defendants.

16

17           Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18    1983.  Before the undersigned is defendants' Rule 12(b)(6) motion to dismiss plaintiff's state law

19    negligence claim for failure to meet the requirements of the California Government Claims Act.

20    (ECF No. 18.)  For the reasons set forth below, the undersigned recommends that defendants'

21    motion be denied.

22                              **PROCEDURAL BACKGROUND**

23    **I.      Plaintiff's First Amended Complaint**

24           Plaintiff filed the operative first amended complaint ("FAC") in Amador County Superior

25    Court on January 28, 2023, alleging violations of his constitutional rights and state law

26    negligence claims against four defendants.  (ECF No. 1 at 7-20.)  The events underlying the FAC

27    arose out of an incident that took place on January 13, 2021, at Mule Creek State Prison

28    ("MCSP").  (Id. at 10.)  Plaintiff alleges that he was sitting in front of his cell upstairs while two

                                          1

1   inmates were fighting downstairs.  Defendant Ables then hit him with two 40 mm rounds while

2   attempting to break up the fight.  Plaintiff states he was not involved in the fight.  (Id.)

3          Relevant to defendant's motion, plaintiff checked a box on the FAC indicating his

4   compliance with applicable claims statutes, adding: "Pleads exhaustion of remedies; diligently

5   sought and filed Gov. claims with ORIM[1] on 5-25-21 and 10-26-21 follow up to confirm it was

6   received." (ECF No. 1 at 8.)

7   **II.     Removal to Federal Court and Screening of FAC**

8          On July 10, 2023, defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a)

9   and 1446, removing the action to this federal district court.  (ECF No. 1.)  On March 5, 2024,

10  Judge Barnes, the previously assigned magistrate judge, determined the court had federal question

11  jurisdiction over plaintiff's FAC and exercised supplemental jurisdiction over its state law claims.

12  (ECF No. 10 at 2-3.)  Judge Barnes then screened the FAC under 28 U.S.C. § 1915A and found it

13  stated an Eighth Amendment excessive force claim and a state law negligence claim against

14  defendant Ables, but no other cognizable claims.[2]  (Id. at 5-9.)  Plaintiff elected to proceed on his

15  cognizable claims and voluntarily dismiss the remaining defendants and claims.  (ECF No. 11.)

16                          **DEFENDANT'S MOTION TO DISMISS**

17  **I.     Defendant's Motion**

18         Defendant Ables raises two arguments in his motion to dismiss.  First, defendant argues

19  that the FAC fails to affirmatively allege that plaintiff submitted a tort claim that complied with

20  the requirements of the California Government Claims Act.  (ECF No. 18-1 at 3-4.)  Second,

21  defendant asserts that judicially noticeable records from the California Department of General

22  Services ("DGS") establish in fact that plaintiff did not comply with the Government Claims Act

23

24  ---

[1]  The Office of Risk and Insurance Management, or ORIM, administers the Government Claims
25  Program for the California Department of General Services.  See https://www.dgs.ca.gov/ORIM.

26  [2]  Judge Barnes' screening order pursuant to 28 U.S.C. § 1915A did not preclude the filing of a
    subsequent Rule 12(b)(6) motion.  "[T]he sua sponte screening process is cumulative of, not a
27  substitute for" such a motion.  Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007);
    see also id. at 1120 ("At the time of the initial screening, the complaint was liberally construed
28  without the benefit of briefing from Defendants.").

                                            2

1    ("GCA").  (Id. at 5-6.)  Specifically, defendant argues that the DGS records show that plaintiff

2    failed to: (1) pay the required filing fee or request a filing fee waiver; (2) submit the tort claim

3    within six months of accrual of the cause; or (3) seek leave to file a late claim.  (Id.)  Defendant

4    seeks dismissal of the FAC's state law negligence claim with prejudice because plaintiff cannot

5    cure his noncompliance with the GCA.  (Id. at 7.)

6    **II.    Plaintiff's Opposition**

7         Plaintiff disputes that he did not comply with the GCA.  Plaintiff claims that his May

8    2021 tort claim was rejected by operation of law when he did not receive a response within 45

9    days.[3]  (ECF No. 20 at 4.)  When DGS contacted plaintiff about the filing fee, plaintiff submitted

10   it in the mail on October 26, 2021, during COVID-19 restrictions, and did not receive a response.

11   (Id. at 4-5.)  Plaintiff submits as evidence a prison mail log showing outgoing mail to ORIM

12   dated October 26, 2021. (Id. at 2.)  Plaintiff further states that his mail was misplaced or tampered

13   with and requests relief under the "substantial compliance" doctrine or on grounds that

14   administrative remedies were effectively unavailable despite his due diligence.  (Id. at 5.)

15   **III.    Defendant's Reply**

16        On reply, defendant argues that plaintiff's evidence does not substantiate his assertion that

17   he submitted a timely claim in May 2021 and contradicts the records on file with DGS.  (ECF No.

18   21 at 2.)  Defendant reiterates that plaintiff filed his tort claim more than six months after the

19   January 2021 events underlying his FAC and cannot invoke the late claim procedure after he

20   "unjustifiably failed to cure or take any action."  (Id.)  Defendant's reply emphasizes DGS' letter

21   dated April 6, 2022, which defendant claims was a "§ 913 Notice" that granted plaintiff six

22   months to file a late claim, but he failed to do so.  (Id. at 3.)  Finally, because plaintiff's claim was

23   late, he cannot avail himself of the doctrine of substantial compliance or any other exhaustion

24   exceptions.  (Id. at 4.)

25   ////

26   ////

27
28
_____

[3]  Under the GCA, a public entity has 45 days to respond to a claim.  Cal. Gov't Code § 912.4(a).
If the public entity does not act within 45 days, the claim is considered rejected.  Id. § 912.4(c).

1

**LEGAL STANDARD**

2

**I.     Federal Rule of Procedure 12(b)(6)**

3       A defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to

4   state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive, the

5   plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

6   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

7   Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

8       A claim is facially plausible "when the plaintiff pleads factual content that allows the

9   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

10  Iqbal, 556 U.S. at 678.  This standard is a "context-specific task that requires the reviewing court

11  to draw on its judicial experience and common sense," Iqbal, 556 U.S. at 679, and to "draw all

12  reasonable inferences in favor of the nonmoving party." Boquist v. Courtney, 32 F.4th 764, 773

13  (9th Cir. 2022) (quoting Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d

14  938, 945 (9th Cir. 2014)) (internal quotation marks omitted).

15      On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the

16  complaint by reference, as well as evidence properly subject to judicial notice. Weston Fam.

17  P'ship LLLP v. Twitter, Inc., 29 F.4th 611, 617-18 (9th Cir. 2022).  "Ultimately, dismissal is

18  proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of

19  facts to support its claims." Boquist, 32 F.4th at 773–74 (cleaned up).

20      The court may dismiss for failure to state a claim when the allegations of the complaint

21  and judicially noticeable materials establish an affirmative defense or other bar to recovery, such

22  as the expiration of the statute of limitations. See Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th

23  Cir. 2013) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)); see also Goddard v. Google Inc.,

24  640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely

25  serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of

26  the [c]omplaint").  However, dismissal under Rule 12(b)(6) is improper if the allegations of the

27  complaint and judicially noticeable materials concerning the defense involve disputed issues of

28  fact. ASARCO, LLC v. Union Pacific R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citing Scott v.

4

1    Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

2           "[A] district court should grant leave to amend even if no request to amend the pleading

3    was made, unless it determines that the pleading could not possibly be cured by the allegation of

4    other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting In re Doe, 58 F.3d

5    494, 497 (9th Cir. 1995)).  A pro se litigant is entitled to notice of the deficiencies in the

6    complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by

7    amendment.  See Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

8    **II.      California Government Claims Act**

9           The Government Claims Act, Cal. Gov't Code §§ 810 et seq. ("GCA"), "requires, as a

10   condition precedent to suit against a public entity, the timely presentation of a written claim and

11   the rejection of the claim in whole or in part." Mangold v. California Pub. Utilities Comm'n, 67

12   F.3d 1470, 1477 (9th Cir. 1995).  "[A] plaintiff must allege facts demonstrating or excusing

13   compliance with the claim presentation requirement.  Otherwise, his complaint is subject to a

14   general demurrer for failure to state facts sufficient to constitute a cause of action." Cardenas v.

15   Cnty. of Tehama, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020) (quoting State of California v.

16   Superior Court, 32 Cal. 4th 1234, 1243 (2004)).  "[A] bare allegation that the [GCA] has been

17   followed would seem to be a mere conclusion that is insufficient under Iqbal and Twombly[.]"

18   Young v. City of Visalia, 687 F.Supp.2d 1141, 1152 (E.D. Cal. 2009).

19          Under the GCA, the claim must be filed or presented to the public entity no later than six

20   months after the cause of action accrues.  Cal. Gov't Code § 911.2.  The entity must give written

21   notice of its action or inaction on a claim.  Id. § 913.  If written notice is given under § 913, the

22   claimant has "not later than six months after the date such notice is personally delivered or

23   deposited in the mail." Id. § 945.6(a)(1).  If written notice under § 913 is not given, the claimant

24   has two years from the date of the accrual of the cause of action to bring suit.  Id. § 945.6(a)(2).

25                                    **DISCUSSION**

26   **I.      Plaintiff's Actual Compliance with GCA**

27            **A.  Defendant's Request for Judicial Notice**

28   Defendant seeks judicial notice of DGS records to establish plaintiff's noncompliance

1    with GCA mandates – i.e., that plaintiff's tort claim was in fact untimely and that he neither paid

2    the filing fee nor submitted a fee waiver request.  (ECF No. 18-3.)  The records are attached to the

3    sworn certification of the DGS custodian of records, A. Ramos, and include: (1) plaintiff's tort

4    claim and attachments, placed in the mail by prison staff on October 22, 2021 (as indicated on the

5    envelope), and received by DGS on November 2, 2021; and (2) the DGS Government Claims

6    Program's response dated April 6, 2022, notifying plaintiff that the documents submitted on

7    October 22, 2021, did not include the filing fee required by Cal. Gov't Code § 905.2.[4]  (ECF No.

8    18-3.)  Ramos certifies that the attachments comprise "the claim, any amendments to the claim,

9    and all notices or correspondences to and from the claimant."  (Id. at 4.)

10          "[A] court may take judicial notice of 'matters of public record' without converting a

11   motion to dismiss into a motion for summary judgment."  Khoja v. Orexigen Therapeutics, Inc.,

12   899 F.3d 988, 999 (9th Cir. 2018).  Under Federal Rule of Evidence 201, a court "may judicially

13   notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the

14   trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

15   whose accuracy cannot reasonably be questioned."

16          The undersigned will grant defendant's request.  Plaintiff does not dispute the authenticity

17   of the DGS records, and the records are central to his own assertion of compliance with GCA

18   requirements.  See City of Sausalito v. O'Neill, 386 F.3d 1186, 1223 (9th Cir. 2004) (a court

19   "may take judicial notice of a record of a state agency not subject to reasonable dispute.").

20   However, to the extent that defendant is asking the undersigned to take judicial notice of the truth

21   of the facts contained in the DGS documents, such request is denied.  See D.K. ex rel. G.M. v.

22   Solano Cnty. Off. of Educ., 667 F. Supp. 2d 1184, 1189 (E.D. Cal. 2009) (granting defendant's

23   request to judicially notice the contents of plaintiff's tort claim but not the truth of the facts

24   therein).

25   ////

26

27   _____
     [4]  When presenting a personal injury claim for damages against the state, claimants must pay a
28   filing fee of twenty-five dollars ($25) or request a fee waiver.  Cal. Gov't Code § 905.2(c).

1

**B.  Analysis of DGS Documents**

2          Upon review, the undersigned finds the DGS records contain disputed facts that preclude

3   resolution of plaintiff's actual compliance with the GCA on a motion to dismiss.  For instance,

4   plaintiff submitted with his October 2021 tort claim a sworn declaration dated September 14,

5   2021, stating that he had originally mailed the claim and fee waiver on May 17, 2021, but did not

6   receive a response.  (ECF No. 18-3 at 9.)  Plaintiff signed and dated the tort claim itself on May

7   17, 2021 (id. at 6), which aligns with this timeline.  Plaintiff's sworn statement, eventually

8   proven, supports an inference that plaintiff first attempted to present his claim in May 2021, and

9   not in October 2021 as defendant argues.

10         Defendant also appears to misinterpret the DGS letter dated April 6, 2022, regarding

11  plaintiff's claim.  Defendant calls the letter a "§ 913 Notice" that "granted Plaintiff an additional

12  six months" to submit a late claim, but he failed to act.  (ECF No. 21 at 3.)  But the letter

13  contained no such directive.  It informed plaintiff he had not paid the filing fee and instructed him

14  to submit $25 or a fee waiver request.[5]  Whether plaintiff failed to pay the fee or request a waiver,

15  which he denies in his judicially noticed declaration, is a disputed fact that cannot be resolve at

16  this stage of the proceeding.  See Panduro v. Hill, No. 5:23-CV-0784 FWS AJR, 2024 WL

17  5275638, at *6 (C.D. Cal. Nov. 1, 2024) (declining to resolve factual disputes regarding

18  plaintiff's payment of $25 filing fee on a Rule 12(b)(6) motion).

19         Moreover, a proper § 913 notice warns a claimant that they have six months to "file a

20  court action," not six months to submit a late claim:

21         If the claim is rejected, in whole or in part, the notice … shall include a warning
           in substantially the following form:
22

23                                        "WARNING

24         "Subject to certain exceptions, you have only six (6) months from the date this
           notice was personally delivered or deposited in the mail to file a court action on
25         this claim.["]

26  ───────────────────
    [5]  DGS likely did not have authority to grant a late claim at that time because more than a year
27  had passed since the incident underlying the FAC.  See Cal. Gov't Code § 911.4(b) (late claims
    "shall be presented to the public entity … within a reasonable time not to exceed one year after
28  the accrual of the cause of action").

Cal. Gov't Code § 913(b). The April 2022 letter did not include this language and thus does not appear to be a § 913 notice as defendant suggests. Without further factual development, the undersigned cannot determine the statutory significance of the April 2022 letter or rely on it to resolve plaintiff's actual GCA compliance on a motion to dismiss.[6]

In his opposition, plaintiff submitted – improperly, as it is outside of his FAC – a mail log that he contends shows MCSP mailed his fee waiver on October 26, 2021. (ECF No. 20 at 2.) Defendant maintains that neither the mail log nor any of the judicially noticed documents support plaintiff's assertions of GCA compliance. (ECF No. 21 at 2.) Defendant further argues that plaintiff is conflating his tort claim documents with appeal documents he submitted to MCSP to exhaust his § 1983 claims. (Id. at 2-3.) A full record may bear out defendant's claims. But based on the judicially noticed documents alone, the question of whether plaintiff filed a timely claim in May 2021 is a disputed issue of fact that the undersigned cannot resolve on a Rule 12(b)(6) motion. See Lindsay v. Fryson, No. 2:10-cv-2842 LKK, 2011 WL 2444813, at *11 (E.D. Cal. Jun. 15, 2011) ("On a Rule 12(b)(6) motion, the court need not, and cannot, resolve factual disputes regarding actual compliance with the [GCA]"), report and recommendation adopted, No. CIV-S-10-2842 LKK, 2011 WL 3555838 (E.D. Cal. Aug. 11, 2011).

## II.    Whether Plaintiff Adequately Alleged Compliance with the Act

The undersigned next considers whether plaintiff's FAC adequately alleges compliance with the GCA. To survive dismissal on a Rule 12(b)(6) motion, "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." Cardenas, 476 F. Supp. 3d at 1070; Mangold, 67 F.3d at 1477. At the motion to dismiss stage, "all allegations of material fact must be accepted as true and construed in the light most favorable to the Plaintiffs [….] However, the allegations of the complaint are not accepted as true if they contradict or are inconsistent with facts judicially noticed by the court." D.K., 667 F. Supp. 2d at 1195.

---

[6] Defendant is correct that plaintiff cannot use the doctrine of substantial compliance to cure an untimely tort claim. See Rogers v. California Highway Patrol Officer Macias, No. ED CV 19479 JGB KKX, 2019 WL 4540119, at *5 (C.D. Cal. Apr. 25, 2019) (concluding courts may not "liberally construe" six-month timeline in § 911.2 under substantial compliance doctrine). But the DGS records contain disputed facts as to whether plaintiff's claim was in fact late.

1        The undersigned finds that the FAC adequately alleges plaintiff's performance of the

2    GCA claim presentation requirements.  Accepted as true, plaintiff's allegation that he filed claims

3    "on 5-25-21" and followed up with ORIM to confirm receipt (ECF No. 1 at 8) is minimally

4    sufficient to demonstrate his timely presentation of a claim within six months of the original

5    incident on January 13, 2021.  The allegation is also supported by the judicially noticed claim

6    itself, which is signed and dated May 17, 2021, references the same incident as the FAC, and

7    explicitly names defendant Ables.  Cf. Franklin v. Lewis, No. 13-CV-3777-YGR (PR), 2015 WL

8    3509341, (N.D. Cal. June 3, 2015) (granting defendant's motion to dismiss plaintiff's state causes

9    of action that were not referenced in his tort claim

10        Courts have found similarly worded allegations sufficient to survive dismissal where

11    actual GCA compliance is disputed.  For example, in Lindsay, the plaintiff's complaint alleged

12    that he "submitted a timely claim under the government tort claims act" and provided a date.

13    2011 WL 2444813, at *10.  The defendant County argued that plaintiff never filed the claim, and

14    the parties submitted dueling declarations on that point.  The court, taking plaintiff's allegation as

15    true, held that plaintiff adequately pled his substantial compliance with the GCA and declined to

16    resolve whether plaintiff in fact filed the claim.  "[T]he court has no basis to conclude as a matter

17    of law that plaintiff did not file a tort claim at all simply because the County's clerk cannot recall

18    receiving such a claim."  Id. at *11.

19        Similarly, in Estate of Umana by and through B.U. v. Nat'l City, No. 22 CV 1657 GPC

20    (SBC), 2023 WL 5344305 (S.D. Cal. Aug. 17, 2023), a municipal defendant moved to dismiss the

21    plaintiffs' state law survivor claims on grounds they did not raise them in their original tort claim.

22    The plaintiffs' argued that they subsequently submitted compliant supplemental claims, but

23    defendant denied ever receiving them.  Id. at *3.  The court held that the complaint's allegation

24    that plaintiffs complied with the "government tort claims requirements as set forth in California

25    Government Code §§ 900 et seq.," was sufficient to survive dismissal.  Id. at *5.  The district

26    judge relied on judicially noticed documents supporting the existence of the original tort claim

27    but declined to resolve factual disputes regarding that claim's compliance with the GCA or the

28    existence of the supplemental claims.  Id.

1    Here, as in <u>Lindsay</u> and <u>Estate of Umana</u>, plaintiff's allegation that he submitted a timely

2    tort claim is sufficient to survive dismissal.  On a fuller record, defendant may ultimately

3    establish that plaintiff did not file a legally compliant claim in May 2021 and that his submission

4    in October 2021 was untimely.  But the undersigned cannot resolve this dispute at this stage of

5    the proceeding, and the judicially noticed documents do not refute the FAC's allegations to the

6    extent the court cannot accept them as true.  For these reasons, the undersigned recommends that

7    defendant's motion be denied.

8                                        **CONCLUSION**

9    Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice

10    (ECF No. 18-2) is GRANTED.

11    Additionally, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss

12    (ECF No. 18) is DENIED.

13    These findings and recommendations are submitted to the United States District Judge

14    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

15    after being served with these findings and recommendations, any party may file written

16    objections with the court and serve a copy on all parties.  Such a document should be captioned

17    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

18    objections shall be served and filed within fourteen days after service of the objections.  The

19    parties are advised that failure to file objections within the specified time may waive the right to

20    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21    DATED: June 17, 2025

22

23                                        _____

24                                        SEAN C. RIORDAN
                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

10