UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>L. ABLES, et al.,<br><br>　　　　　　Defendants. | No. 2:23-cv-01342 DJC SCR P<br><br>FINDINGS & RECOMMENDATIONS |

　　　　Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has filed a motion for default judgment. (ECF No. 27.) For the reasons set forth below, the undersigned recommends that plaintiff's motion be denied.

**PROCEDURAL BACKGROUND**

　　　　Plaintiff initiated this action by filing a complaint in Amador County Superior Court on January 28, 2023. (Exh. A, ECF No. 1 at 7-20.) On July 10, 2023, defendants paid the filing fee and removed the action to this Court. (ECF No. 1.) The previously assigned magistrate judge determined removal was proper and screened in an excessive force claim against defendant Ables, but no other claims. (ECF No. 10.) Given the choice of proceeding on his cognizable claim or amending, plaintiff elected to proceed on the complaint as screened. (ECF No. 11.)

　　　　Defendant Ables moved to dismiss plaintiff's complaint for failure to comply with the California Government Claims Act, Cal. Gov. Code § 810 et seq. (ECF No. 18.) On June 18,

1

1    2025, the undersigned issued findings and recommendations that defendant's motion be denied.

2    District Judge Calabretta denied defendant's motion on August 18, 2025. (ECF No. 26.) By

3    operation of law, defendant Ables' answer was due September 1, 2025. Fed. R. Civ. P.

4    12(a)(4)(A). Defendant timely answered the complaint on August 29, 2025. (ECF No. 28.)

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### I. The Parties' Briefing

On August 26, 2025, two days before defendant filed an answer, plaintiff filed a motion for default judgment under Rules 55 of the Federal Rules of Civil Procedure. (ECF No. 27.) Plaintiff argues defendant Ables failed to timely oppose the findings and recommendations that his motion to dismiss be denied. (Id. at 1.) This failure, plaintiff posits, establishes Ables' liability. (Id. at 4.) Defendant Ables filed an opposition in which he argues plaintiff's motion is "premature and meritless." (ECF No. 29 at 2.) Defendant maintains that his answer was timely and that he was under no obligation to object to the findings and recommendations. (Id. at 2.) Plaintiff did not file a timely reply.

### II. Discussion

The undersigned recommends that plaintiff's motion be denied. The motion is premised on two misunderstandings of law. First, federal law grants parties the option of filing written objections to a magistrate judge's findings and recommendations. It is not mandatory. See 28 U.S.C. § 636(c) ("[A]ny party *may* serve and file written objections to such proposed findings and recommendations") (emphasis added); Fed. R. Civ. P. 72(b)(2) (same). Thus, defendant Ables was under no obligation to object to the recommendation that his motion to dismiss be denied. The undersigned warned only that the failure to object may waive the right to appeal the District Judge's order. (ECF No. 24 at 10 (citing Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)).)

Second, plaintiff is mistaken that defendant Ables' failure to object to the findings and recommendation, or District Judge Calabretta's subsequent denial of the motion for that matter, establishes Ables' liability. The denial of a Rule 12(b)(6) motion does not result in judgment for the plaintiff. Rather, the party that filed the unsuccessful motion must serve a responsive pleading within 14 days. Fed. R. Civ. P. 12(a)(4)(A). Defendant Ables timely served an answer.

1    This alone is sufficient to defeat plaintiff's motion, as a clerk may only enter default against a
2    party that has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); see also Benny v.
3    Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("A failure to make a timely answer to a properly served
4    complaint will justify entry of a default judgment"), amended, 807 F.2d 1514 (9th Cir. 1987).
5        Plaintiff's motion also is procedurally improper. Rule 55 requires a two-step process: (1)
6    seeking entry of default from the clerk of the court; and (2) filing a motion for default judgment
7    before the district court. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing
8    "two-step process" required by Rule 55); see also Symantec Corp. v. Global Impact, Inc., 559
9    F.3d 922, 923 (9th Cir. 2009) (discussing difference between entry of default and default
10   judgment). Here, the Clerk of the Court has not entered default against defendant Ables. When
11   the clerk has not entered default against a defendant, a motion for default judgment against that
12   defendant is improper. See Marty v. Green, No. 2:10-CV-1823 KJM KJN PS, 2011 WL 320303,
13   at *3 (E.D. Cal. Jan. 28, 2011) (denying motion for default judgment where plaintiff did not first
14   seek entry of default from the Clerk of the Court); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho
15   1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first
16   obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is
17   improper, it is denied."), aff'd, 3 Fed. Appx. 656 (9th Cir. 2001). Accordingly, the undersigned
18   recommends that plaintiff's motion for default judgment be denied.

**CONCLUSION**

20   IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment (ECF No.
21   27) be DENIED.
22       These findings and recommendations are submitted to the United States District Judge
23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
24   after being served with these findings and recommendations, any party may file written
25   objections with the court and serve a copy on all parties. Such a document should be captioned
26   "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
27   objections shall be served and filed within fourteen days after service of the objections. The
28   ////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE